IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2020

## STATE OF TENNESSEE v. ERIC BERNARD HOWARD

**Appeal from the Criminal Court for Davidson County**
**No. 95-D-2451     Jennifer Smith, Judge**

_____

### No. M2019-01900-CCA-R3-CO

_____

Eric Bernard Howard, Movant, filed a pro se "Motion to Correct Judgment Pursuant to Tennessee Rules of Criminal Procedure 36.1" (the Rule 36.1 Motion). The trial court found that the Rule 36.1 Motion failed to state a colorable claim and summarily denied the Rule 36.1 Motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Eric Bernard Howard, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; and Glenn R. Funk, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural Background

The Davidson County Grand Jury indicted Movant for two separate aggravated robberies that occurred within a span of approximately fifteen minutes on the campus of Vanderbilt University on August 15, 1995. *State v. Eric Bernard Howard*, No. 01C01-9805-CR-00198, 1999 WL 701413, at *1 (Tenn. Crim. App. Sept. 10, 1999), *perm. app. denied* (Tenn. Mar. 6, 2000). Movant was convicted by a jury of the charged offenses, and following a sentencing hearing, the trial court found that Movant was a Range II multiple offender and imposed consecutive seventeen-year sentences. The judgment of

conviction in Count 1 shows that the sentence was also to be served consecutively to an unexpired Tennessee Department of Correction sentence. This court affirmed the judgments of the trial court, and the Tennessee Supreme Court denied Movant's application for permission to appeal. *Id.*

On August 14, 2019, Movant filed the Rule 36.1 Motion in which he alleged that the term of his sentence was not authorized by statute, that the trial court was required to merge his convictions because they occurred within a twenty-four-hour period, and that the trial court abused its discretion in imposing consecutive sentences.

On October 4, 2019, the trial court entered a comprehensive written order finding that Movant's seventeen-year sentences were within the applicable range for a Class B felony, were authorized by statute, and were not illegal. Concerning Movant's other claims, the order provided:

> [Movant] has now filed a motion to correct his judgment pursuant to Rule 36.1, contending that his convictions for aggravated robbery should have merged into a single judgment. [Movant] further contends that the trial court abused its discretion by imposing consecutive sentencing. Neither of his claims is cognizable in a motion under Rule 36.1, as both are issues that must be addressed on direct appeal.

The trial court denied the Rule 36.1 Motion without a hearing. Movant filed a timely notice of appeal.

## Analysis

### *Standard of Review*

Whether a motion states a colorable claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 is a question of law, which this court reviews de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is "a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593.

### *Rule 36.1*

The purpose of Rule 36.1 "is to provide an avenue for correcting allegedly illegal sentences." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (citations omitted), *perm. app. denied* (Tenn. Nov. 19, 2014). "The Rule does *not* provide an avenue for seeking the reversal of

*convictions.*" *Id.* (emphasis in original). "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). If the court determines that the motion states a colorable claim, the court shall appoint counsel for an unrepresented indigent defendant and conduct a hearing if the court deems that a hearing is necessary. Tenn. R. Crim. P. 36.1(b)(3).

### *Sentencing Errors*

"Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors." *Wooden*, 478 S.W.3d at 595. A "mistake in filling out the uniform judgment document" is a clerical error. *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). A clerical error does not render a sentence illegal and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *Wooden*, 478 S.W.3d at 595. Appealable errors are "errors for which the Sentencing Act specifically provides a right of direct appeal." *Cantrell*, 346 S.W.3d at 449. Fatal errors are errors that are "so profound as to render the sentence illegal and void." *Id.* at 452. For purposes of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Imposition of an illegal sentence is a fatal error which may be corrected by the State or a defendant filing a Rule 36.1 motion before the sentence has expired. *Wooden*, 478 S.W.3d at 595.

### *Length of the Sentence*

"Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1995). Aggravated robbery is robbery "(1) [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or (2) [w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-402(a) (1995). Aggravated robbery is a Class B felony. Tenn. Code Ann. § 39-13-402(b) (1995). The sentencing range for a Range II offender convicted of a Class B felony "is not less than twelve (12) nor more than twenty (20) years[.]" Tenn. Code Ann. § 40-35-112(b)(2) (1997). The seventeen-year sentences imposed by the trial court for each of the two aggravated robberies were legal sentences authorized by the applicable statute.

### *Consecutive Sentences*

"The finding concerning the imposition of consecutive or concurrent sentences is appealable by either party." Tenn. Code Ann. § 40-35-115(c) (1997). Therefore, any error by the trial court in the imposition of discretionary consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b) would be an appealable error, not a

fatal error. *See State v. Eddie Readus*, No. M2017-02339-CCA-R3-CD, 2019 WL 3064049, at \*3 (Tenn. Crim. App. July 12, 2019), *perm. app. denied* (Tenn. Dec. 4, 2019). Appealable errors may not be corrected under Rule 36.1. *Wooden*, 478 S.W.3d at 595.

### *Merger of Sentences*

Movant claims that his two aggravated robbery convictions should have been merged because they occurred within a twenty-four-hour period. This claim has no merit whatsoever. The "twenty-four-hour merger rule," which is codified at Tennessee Code Annotated sections 40-35-106(b)(4), 40-35-107(b)(4), and 40-35-108(b)(4) provides:

> Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury or threatened bodily injury to the victim or victims, or convictions for the offense of aggravated burglary under [Tennessee Code Annotated section] 39-14-403, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]

The twenty-four-hour merger rule had no relevance whatsoever to merger of Movant's two aggravated robbery convictions. The twenty-four-hour merger rule governs how the number of a defendant's *prior* convictions are calculated in determining whether a defendant is a multiple offender, a persistent offender, or a career offender. Additionally, the failure of a court to properly merge offenses pursuant to the twenty-four-hour merger rule would be an appealable error, not a fatal error that could be corrected under Rule 36.1.

### Conclusion

The trial court correctly determined that that Movant's sentences were authorized by the applicable statute and did not directly contravene an applicable statute. The trial court also correctly determined that Movant's claims concerning the consecutive alignment of the seventeen-year sentences and merger of the convictions were not "cognizable in a motion under Rule 36.1, as both are issues that must be addressed on direct appeal." The Rule 36.1 Motion failed to state "a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." The trial court's summary denial of the Rule 36.1 Motion is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE